UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


**PHILLIP E. THURMOND and MELINDA THURMOND**

    Plaintiffs

v.                                                    Civil Action No. 2:06-0950

**U.S. EXPRESS LEASING, INC. and**
**MORRIS MACKLIN, JR.**

    Defendants


## MEMORANDUM OPINION AND SHOW CAUSE ORDER

Pending is plaintiffs' motion to remand, filed November 22, 2006.

On November 7, 2006, defendant U.S. Express Leasing, Inc., removed this action. The notice of removal alleges as follows:

> As shown on the face of the Complaint, complete diversity of citizenship exists between Plaintiffs and Defendants. Plaintiffs are residents of the state of Kentucky. U.S. Express Leasing, Inc. is a Delaware corporation, with its principal place of business in the State of New Jersey. <u>Upon information and belief, Morris Macklin, Jr. is a resident of the state of West Virginia</u>.

(Not. of Remov. ¶ 3 (citations omitted) (emphasis supplied)).

Title 28 U.S.C. § 1441(b) provides in pertinent part as follows:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought</u>.

28 U.S.C. § 1441(b) (emphasis added); <u>see also</u> <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996)("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought," § 1441(b)."); <u>Peterson v. Cooley</u>, 142 F.3d 181, 185 (4th Cir. 1998)(same).

    Consistent with the prevailing rule, Professors Wright and Miller have observed:

> Despite the applicability of the general rules governing diversity of citizenship jurisdiction to cases removed to federal court, removal jurisdiction over diversity actions is more limited than jurisdiction over diversity of citizenship cases originally brought in federal court.  <u>This is because Section 1441(b) explicitly provides, and the cases uniformly hold, that removal to federal court based on diversity of citizenship is available only if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought[.]</u>

14B Charles A. Wright <u>et</u> <u>al.</u>, <u>Federal Practice and Procedure</u> § 3723 (3d. ed. 1998) (emphasis supplied).

For reasons appearing to the court, the removing party is ORDERED, no later than November 29, 2006, to show cause in writing why this case should not be remanded pursuant to the second sentence of 28 U.S.C. § 1441(b).  If the removing party declines to show cause as ordered, the parties are encouraged to amicably resolve the matter of fees and costs and present to the court an agreed order of remand no later than December 1, 2006.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: November 22, 2006

John T. Copenhaver, Jr.
United States District Judge